**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C., et al.<br><br>Defendants. | ) | Case No. 1:14-cv-2211-AT |

**<u>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, Joseph C. Cooling, and Robert A. Winter ("Defendants") respectfully submit the opinion on the motion to dismiss in *Consumer Financial Protection Bureau v. ITT Educational Services, Inc.*, No. 1:14-cv-292 (S.D. Ind. Mar. 6, 2015) (the "Opinion"), in support of Defendants' Motion to Dismiss (ECF No. 20). A copy of the Opinion is attached hereto as Exhibit A.

In that case, the Consumer Financial Protection Bureau (the "Bureau") alleges ITT Educational Services ("ITT") coerced its students into taking out unfavorable educational loans that benefited ITT. The Bureau brought claims against ITT for "unfair" and "abusive" practices under the Consumer Financial

Protection Act ("CFPA") and a claim under the Truth in Lending Act ("TILA"). With one important exception, the conclusions and analyses in the Opinion are not relevant to the case at bar because the Bureau's claims against ITT are based on different laws with unrelated elements compared to the claims asserted against Defendants. Further, the facts are obviously distinguishable.

The one conclusion, however, that is especially germane to this case is the determination that the Bureau's TILA claim is barred by the one-year statute of limitations in 15 U.S.C. § 1640(e). Section 1640 provides for civil liability for TILA violations, and further provides that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation." *Id.* § 1640(a), (e). In *ITT*, the Bureau argued § 1640 does not apply to lawsuits filed by the government; rather, government lawsuits are governed by § 1607, which grants the Bureau the power to "enforce compliance" with TILA and has no statute of limitations. *See* Pl.'s Opp. to Mot. to Dismiss, at 32, Civ. No. 1:14-cv-292 (S.D. Ind. June 12, 2014) (ECF No. 25). The court rejected this argument, finding there is no textual or practical evidence suggesting § 1640 applies only to private, and not government, lawsuits. Opinion, at 64. It further concluded that § 1607, as its title suggests, governs only administrative actions, not civil suits. *Id.*

The Fair Debt Collection Practices Act ("FDCPA") is structured nearly identically to TILA insofar as 15 U.S.C. § 1692k provides for civil liability and a one-year statute of limitation, and § 1692*l* governs administrative enforcement. Defendants have argued the Bureau's FDCPA claims are barred by the one-year statute of limitations in § 1692k, and the Bureau countered in the same manner it did in *ITT* by arguing § 1692k applies only to private actions. The court's reasoning in *ITT* therefore applies equally here. Furthermore, as Defendants have briefed in their Motion to Dismiss and Reply, the statute of limitations in § 1692k applies not only to claims brought under that section, but to any claim brought under the FDCPA. 15 U.S.C. § 1692k(d). The TILA statute of limitations, however, states it applies only to actions under § 1640. *Id.* § 1640(e).

Respectfully submitted this 18th day of March, 2015.

*/s/ Christopher J. Willis*
Christopher J. Willis, Ga. Bar No. 766297
willisc@ballardspahr.com
Stefanie H. Jackman, Ga. Bar No. 3335652
jackmans@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

Michael Bowers, Ga. Bar No. 071650
mbowers@balch.com
Christopher S. Anulewicz, Ga. Bar No. 020914
canulewicz@balch.com
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., NW, Suite 700
Atlanta, Georgia 30308

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I filed the foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court using the CM/ECF system which will automatically serve the following parties:

Lawrence Brown (Lawrence.Brown@cfpb.gov)
Thomas Ward (Thomas.Ward@cfpb.gov)
Consumer Financial Protection Bureau
ATTN: Enforcement
1750 Pennsylvania Ave., 10th Floor
Washington, D.C. 20552

Date: March 18, 2015

*/s/ Christopher J. Willis*
Christopher J. Willis
Georgia Bar No. 766297

*Counsel for Defendants*

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: March 18, 2015

*/s/ Christopher J. Willis*
Christopher J. Willis
Ga. Bar No. 766297

*Counsel for Defendants*