**In the United States District Court
for the Northern District of Georgia
Atlanta Division**

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | **Civil Action No.** |
| v. | **1:14-cv-02211-AT** |
| Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, individually, Joseph C. Cooling, individually, and Robert A. Winter, individually, | |
| Defendants. | |

**Plaintiff's Response to Defendants' Notice of Supplemental Authority**

The district court in *CFPB v. ITT Educational Services, Inc.*[1] held that the Bureau's TILA claim was governed by the one-year statute of limitations in 15 U.S.C. § 1640(e). By the same reasoning, Defendants contend, this Court should conclude that the Bureau's FDCPA claims are governed by the one-year limitations period in 15 U.S.C. § 1692k. Contrary to Defendants' contentions, the *ITT* decision is both wrong and distinguishable.

---

[1] No. 1:14-cv-292 (S.D. Ind. Mar. 6, 2015) (order on defendant's motion to dismiss) at 64-65.

First, as Defendants note, the *ITT* court concluded that the TILA provision authorizing government-enforcement actions, 15 U.S.C. § 1607, which provides no limitations period, "governs only administrative actions, not civil suits."[2] The Bureau's reliance on the absence of a statute of limitations in that section, the court concluded, was therefore inapposite – because the government filed a civil action in court, rather than an administrative action, the applicable statute of limitations was to be found in 15 U.S.C. § 1640(e).[3]

But both § 1607 and § 814 of the FDCPA,[4] the provision that authorizes the Bureau to enforce the FDCPA, provide that the Bureau is authorized to do so "under subtitle E of the Consumer Financial Protection Act of 2010."[5] Subtitle E, in turn, authorizes the Bureau to enforce compliance by "commenc[ing] a civil action."[6] Contrary to the *ITT* court's conclusion, the authority granted in these sections is plainly not limited to administrative enforcement; rather it also encompasses federal-court proceedings such as this one.

This error alone undermines the *ITT* court's conclusion, and nothing else in the opinion provides a plausible basis for it. For example, the court suggested

---

[2] Notice of Supp. Auth. at 2.

[3] *ITT* at 64.

[4] 15 U.S.C. § 1692l.

[5] *Id.*; 15 U.S.C. § 1607(e).

[6] 12 U.S.C. § 5564(a).

that agency interpretations of § 1607 support the conclusion that it contemplates only administrative enforcement.[7] Yet the agency authorities cited by the court support only the proposition that the agencies in question have concluded that there is no statute of limitations applicable when they engage in administrative enforcement of the act under § 1607; nothing in those authorities suggests that civil actions by other agencies are outside the ambit of that provision.[8]

The court's suggestion that the Supreme Court has directed that statutes of limitations should be "suspended" only in narrow circumstances is likewise inapposite. The question at issue in *ITT*, as here, was whether a limitations provision should be applied to a civil action by the government at all, not whether it should be suspended.

Defendants also contend that, unlike § 1640(e)'s one-year statute of limitations, which applies only to claims brought under that "section" (i.e., § 1640) of TILA, § 813(d)'s limitations period "applies not only to claims brought under that section, but to any claim brought under the FDCPA."[9] As explained in the Bureau's Response to the Motion to Dismiss ("Response"), however, the plain text and legislative history of the FDCPA, and the established principles

---

[7] *ITT* at 64.

[8] *Id.*

[9] Notice of Supp. Authority at 3.

that disfavor time limitations on government actions, all demonstrate that §

813(d)'s reference to "[a]n action to enforce liability" under the FDCPA refers to

private civil actions, not government-enforcement actions.[10]

Finally, the *ITT* court's decision to dismiss the Bureau's TILA claim is

distinguishable because it was based on the conclusion that the Bureau's

complaint was filed "well more than one year after the conduct described in the

allegations occurred."[11]  Here, by contrast, the Bureau's complaint alleges

violations of the FDCPA within the one-year statute of limitations urged by

Defendants.[12] As a result, the Court need not reach the question of the statute of

limitations applicable to the Bureau's FDCPA claims in this context because

Defendants' argument cannot provide grounds for dismissal of the Bureau's

FDCPA claims. Moreover, even if the Court were to accept Defendants' reading

of § 813, there would be factual questions related to what conduct would be

actionable – including, for example, when the Bureau reasonably could have

learned of its claims – that cannot be resolved from the face of the Complaint.

The Court should therefore leave this question for later, even if it were inclined

to accept Defendants' view of the law.

---

[10] *See* Resp. in Opp'n to Mot. to Dismiss at 34-39.
[11] *ITT* at 63.
[12] *See* Compl. ¶ 29.

Respectfully Submitted,

ANTHONY ALEXIS
*Acting Enforcement Director*
JEFFREY PAUL EHRLICH
*Deputy Enforcement Director*
JOHN C. WELLS
*Assistant Litigation Deputy*
s/Lawrence D. Brown
LAWRENCE D. BROWN (TX Bar #24040586)
THOMAS G. WARD (IL Bar #6291011)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Brown): 202-435-7116
Telephone (Ward): 312-610-8966
Facsimile: 202-435-7722
e-mail: lawrence.brown@cfpb.gov
e-mail: thomas.ward@cfpb.gov

SALLY QUILLIAN YATES
*United States Attorney*

LENA AMANTI
*Assistant United States Attorney*
Georgia Bar No. 666825
600 Richard B. Russell Federal Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303
Telephone: 404-581-6225
Facsimile: 404-581-6163
e-mail: lena.amanti@usdoj.gov

**Certification of Compliance with L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 13-point Book Antigua font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

s/Lawrence D. Brown
Lawrence D. Brown

**Certificate of Service**

I certify that on March 24, 2015, I electronically filed Plaintiff's Response to Defendants' Notice of Supplemental Authority with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record: Christopher J. Willis, Stefanie H. Jackman, and Christopher S. Anulewicz. Further, I certify that I have mailed this document, by U.S. Postal Service, to the following non-CM/ECF participant: Michael Bowers, Balch & Bingham, LLP, 30 Ivan Allen Jr. Blvd, N.W., Suite 700, Atlanta, Georgia 30308.

s/Lawrence D. Brown
Lawrence D. Brown