**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, individually, Joseph C. Cooling, individually, and Robert A. Winter, individually,<br><br>Defendants. | **Civil Action No. 1:14-cv-0211-AT**<br><br>**Motion to Certify under 28 U.S.C. § 1292(b)** |

## MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW

Defendants seek certification of the order denying their motion to dismiss for interlocutory review, under 28 U.S.C. § 1292(b). Section 1292(b) imposes two requirements for certification. First, the order must "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." The second is that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." Both requirements are met here.

Additionally, as the Court's order details at length, many of the issues in this litigation are significant questions of either first impression or for which little appellate guidance exists. And as the Court stated at the beginning of oral

argument, the case presents "an issue of obvious public importance." (Hr'g Tr. 4:6.) On these significant, disputed issues of public importance, the Parties and the public at large would benefit from immediate appellate review.

In support of this Motion, Defendants rely on the following Memorandum of Law.

## Memorandum of Law

### I. Substantial Differences of Opinion Exist With Respect to the Issues Resolved in the Court's Order.

The first requirement for certification is that the order involves significant issues for which substantial grounds for differences of opinion exist. That standard is met for each of the Court's holdings. Defendants, however, will focus on three of the most significant: 1) the practice-of-law exclusion; 2) the meaningful attorney involvement rule; and 3) the statute of limitations.

#### A. The Scope of the Practice-of-Law Exclusion Is an Unsettled Question of Federal Law.

As the Court acknowledged, the practice-of-law exclusion is not a model of drafting clarity. Compounding the problem, its scope is a true issue of first impression, with no judicial guidance – appellate or otherwise. And the meaning of the statute drastically changes depending on what the word "otherwise" and the phrase "the attorney in question" of 12 U.S.C. § 5517(e)(2)(B) modify. The Court provided a helpful graphic, and held that the § 5517(e)(2)(B) only applies to

attorneys representing consumers. (Dkt. No. 43, 16.) Under this interpretation, the “rule of construction” in § 5517(e)(2) nullifies a great deal of the broad exclusion for the practice of law set forth in § 5517(e)(1).

There are two potential readings of the language in § 5517(e). The Court adopted one reading, but Defendants' proposed interpretation – that "otherwise" and "the attorney in question" modify § 5517(e)(2)(A) – is also plausible. The title of the statutory section, "Exclusion for practice of law," and the breadth of the exclusion suggest that its purpose may be broader than simply referring to lawyers who represent consumers. Thus, there is substantial ground for difference of opinion with respect to the interpretation of the exclusion as a whole. *See King v. Burwell*, 135 S. Ct. 2480, 2495 (2015) (holding that a statute must be interpreted in a manner that furthers its purpose.).

**B. Whether the Meaningful Attorney Involvement Rule Applies to the Filing of a Lawsuit Is An Unsettled Question For Which there is A Split of Authority With Little Appellate Guidance.**

The Supreme Court and Eleventh Circuit have both held that the FDCPA permits regulation of an attorney's litigation activities. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *Miljkovic v. Shafritz & Dinkin, P.A.*, -- F.3d --, No. 111444-13715, 2015 WL 3956570 (11th Cir. June 30, 2015). But neither court has decided whether the meaningful attorney involvement standard applies to filing and prosecuting a lawsuit. This Court read the precedent as supporting the conclusion

that it does, and some lower courts agree. *See, e.g.*, *Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283 (D.N.J. 2014). Other lower courts, however, have held that it does not apply to filing a lawsuit. *See Mostofi v. Midland Funding, LLC*, --A.3d --, No. 1084, 2015 WL 4067882, at *10 (Md. Ct. App. July 2, 2015 ("We have not adopted the reading of the FDCPA advanced in *Bock*, and we decline to do so today."); *Taylor v. Quall*, 471 F. Supp. 2d 1053, 1061-62 (C.D. Cal. 2007).

Additionally, *Heintz* contains strong language indicating that courts should tread carefully before extending the FDCPA to a creditor's pursuit of its judicial remedies:

> Courts can read these exceptions [15 U.S.C. §§ 1692c(c)(2) & (3)], plausibly, to imply that they authorize the actual invocation of the remedy that the collector "intends to invoke." The language permits such a reading, for an ordinary court-related document does, in fact, "notify" its recipient that the creditor may "invoke" a judicial remedy.

*Heintz*, 514 U.S. at 296.

The Supreme Court bolstered this reasoning with a reference to the FDCPA's purpose: "Moreover, the interpretation is consistent with the statute's apparent *purpose of preserving creditors' judicial remedies*." *Id.* (emphasis added).

The Eleventh Circuit highlighted this language in *Miljkovic* to affirm the dismissal of the plaintiff's claim. *Miljkovic*, 2015 WL 3956570, at *12-13. *Miljkovic* and *Heintz* thus support declining to extend the meaningful attorney

involvement rule to filing a lawsuit, even though they hold that the FDCPA applies to litigation activity.

Given the limited appellate guidance and competing statutory purposes, it is not surprising that lower courts are divided on this issue. Additionally, the case that most directly supports the Court's holding – *Bock* – is currently on appeal to the Third Circuit. Certifying the issue for immediate review would thus allow the Eleventh Circuit to proceed in tandem with the Third Circuit on this significant, unsettled issue of federal law. Defendants request that the Court certify the issue for interlocutory appeal so that the Eleventh Circuit can resolve this issue, on which district courts are divided.

### C. The Statute of Limitations Applicable to a FDCPA Claim Brought by a Federal Agency Should be Resolved Now to Guide the Parties and Agencies in This and Other Litigation.

The Court surveyed the competing arguments and potential resolutions of this complex and novel issue, ultimately concluding that it could not reach a conclusion on whether a one-year or three-year statute applies. Defendants see no need to repeat the Court's extensive analysis here.

It is evident from the Court’s discussion of this issue, however, that there is a substantial ground for difference of opinion with respect to this issue of statutory interpretation.

## II. An Immediate Appeal Would Materially Advance the Ultimate Resolution of this Litigation.

The second requirement of § 1292(b) is "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This requirement is also met, particularly with respect to the three issues described above.

Appellate resolution of the scope of the practice-of-law exclusion, coupled with the statute of limitations issue under the FDPCA, may significantly simplify further proceedings that may occur in this case. If the Court of Appeals found that the practice-of-law exclusion applied, it would eliminate the CFPB's CFPA claims. This, in turn, would make the resolution of the statute of limitations issue under the FDCPA necessary, and might reduce the scope of discovery, summary judgment, and trial to a one-year period, instead of the three-year period provided under the CFPA. That would greatly expedite further proceedings in this case.

Immediate appellate resolution of the scope of the applicability of the meaningful attorney involvement standard may eliminate one of the two primary claims in this case. The CFPB acknowledges that its case is based on two issues: 1) whether attorneys were meaningfully involved in the filing of lawsuits; and 2) Defendants' use of affidavits. (Dkt. No. 1, Compl. ¶ 26.) If the Court of Appeals were to hold that there is no cause of action related to meaningful attorney involvement in the filing of a complaint, it would dramatically reduce the scope of

discovery in this case and narrow the scope of summary judgment and trial. For this reason, an immediate appeal on this issue squarely satisfies the requirement in § 1292(b) that an immediate appeal may materially advance the ultimate resolution of this case.

## Conclusion

This is a rare case in that it raises not just one, but multiple, novel and complex issues of law. Some of the issues are subject to conflicting precedent from other courts, and others are matters of first impression. The issues are not only of great public importance, but also significantly impact the scope of further proceedings that will occur in this case. This case is therefore an ideal candidate for interlocutory review. For these reasons, Defendants request that the Court certify its order denying Defendants' Motion to Dismiss under § 1292(b).

Respectfully submitted July 27, 2015.

/s/ Christopher J. Willis
Christopher J. Willis, GA Bar No. 766297
willisc@ballardspahr.com
Stefanie H. Jackman, GA Bar No. 335652
jackmans@ballardspahr.com
Daniel Delnero, GA Bar No. 347766
delnerod@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

Michael Bowers, Ga. Bar No. 071650
mbowers@balch.com
Christopher S. Anulewicz, Ga. Bar No. 020914
canulewicz@balch.com
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., NW, Suite 700
Atlanta, Georgia 30308

*Counsel for Defendants*

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B

I hereby certify that the foregoing has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: July 27, 2015

*/s/ Christopher J. Willis*
Christopher J. Willis
Ga. Bar No. 766297

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I filed the foregoing MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW with the Clerk of Court using the CM/ECF system which will automatically serve the following parties:

Lawrence Brown (Lawrence.Brown@cfpb.gov)
Thomas Ward (Thomas.Ward@cfpb.gov)
Consumer Financial Protection Bureau
ATTN: Enforcement
1750 Pennsylvania Ave., 10th Floor
Washington, D.C. 20552

Date: July 28, 2015

/s/ Christopher J. Willis
Christopher J. Willis
Georgia Bar No. 766297

*Counsel for Defendants*