In the United States District Court
for the Northern District of Georgia
Atlanta Division

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, individually, Joseph C. Cooling, individually, and Robert A. Winter, individually,<br><br>Defendants. | **Civil Action No.**<br>**1:14-cv-02211-AT** |

**Plaintiff's Response to Defendants' Motion to Certify for Interlocutory Review**

Defendants request that this Court certify for interlocutory review three issues addressed in its order on their motion to dismiss. Yet certification of the issues would not materially advance the resolution of this litigation, even assuming Defendants could succeed on those issues on appeal. Moreover, Defendants cannot show a substantial ground for difference of opinion on any of the issues they raise. The Court should therefore deny Defendants' motion.

I. **Defendants bear a heavy burden that they cannot meet.**

A party seeking review of a district court order typically must await the "final decision[] of the district court[]" before it can invoke appellate jurisdiction.[1] Under 28 U.S.C. § 1292(b), however, a district court judge may certify an interlocutory order for immediate appellate review if the moving party demonstrates that there is "a controlling question of law as to which there is substantial ground for difference of opinion" *and* that an immediate appeal will "materially advance the ultimate termination of the litigation."[2] Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances.[3] The moving party bears the burden of persuading the district court (and, ultimately, the court of appeals) that interlocutory appeal is appropriate.[4]

While Defendants suggest that the standard for interlocutory appeal is met as to "each of the Court's holdings,"[5] they only attempt to satisfy their burden with respect to three issues: the Court's conclusion that the CFPA's practice-of-law exclusion does not bar the Bureau's claims; the Court's conclusion that the

---

[1] 28 U.S.C. § 1291.
[2] *Southern Pilot Ins. Co. v. CECS, Inv.*, 15 F. Supp. 3d 1335, 1336 (N.D. Ga. 2013).
[3] *Id.*
[4] *Candy Craft Creations, LLC v. Gartner*, No. CV 212–091, 2015 WL 2408185, at *1 (N.D. Ga. May 19, 2015).
[5] Mot. at 2, Doc. 45.

Bureau's FDCPA claims related to meaningful attorney involvement state claims on which relief may be granted; and the Court's conclusion that the statute of limitations applicable to the Bureau's FDCPA claims need not be decided at this stage. Defendants have failed to meet their substantial burden to justify invoking the "rare exception" for certification on any of these issues.[6] First, addressing any or all of these issues in an interlocutory appeal would not materially advance the resolution of the litigation. Second, there is no substantial ground for a difference of opinion as to any of them.

## II. An immediate appeal would not materially advance the ultimate termination of this case.

Certification under § 1292(b) requires that resolution of the issues would "serve to avoid a trial or otherwise substantially shorten the litigation."[7] The three issues for which Defendants seek certification for interlocutory review fail to satisfy this standard.

Resolution of any single issue in Defendants' favor would leave remaining very similar claims, present the same need for discovery, and do little if anything to shorten litigation.[8] As the Court has noted, the Bureau's complaint alleges

---

[6] *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).
[7] *Id.* at 1259.
[8] *See, e.g., CFPB v. Frederick J. Hanna & Assocs., P.C.*, — F. Supp. 3d —, No. 1:14-CV-2211-AT, 2015 WL 4282252, at *30 (N.D. Ga. July 14, 2015).

violations of both the FDCPA and the CFPA related to (1) the lack of meaningful attorney involvement in Defendants' lawsuits, and (2) Defendants' use of affidavits in those lawsuits. None of the issues Defendants raise, however, address *both* the FDCPA and the CFPA violations in either "set" of claims.

The issue Defendants identify with respect to the practice-of-law exclusion is relevant only to the Bureau's CFPA claims; resolution in the Defendants' favor would not affect any of the Bureau's FDCPA claims—either those related to the lack of meaningful attorney involvement or Defendants' use of affidavits.[9]

Defendants' issues related to meaningful attorney involvement turn on an interpretation of the FDCPA; resolution of those issues in their favor would not necessarily foreclose the Bureau's CFPA claims related to meaningful attorney involvement. Conduct that may not violate the FDCPA could still independently violate the CFPA.

Lastly, the statute of limitations issues also would affect only the Bureau's FDCPA claims, and not its CFPA claims. Thus, for practical purposes in this litigation, it makes no real difference if the FDCPA has a one-year limitation period, because the CFPA affords the Bureau a three-year limitation period. Additionally, since the Bureau has alleged violations that occurred within a year

---

[9] 12 U.S.C. § 5517(e)(3).

of the filing of its complaint, resolution of the limitation issue in Defendants' favor would not foreclose its FDCPA claims, and of course would not lead to immediate termination of the matter.

Because none of these issues would affect the Bureau's claims under both statutes, resolution of any of them in Defendants' favor, even if it foreclosed certain claims under the particular statute in question, would leave closely-related claims to be litigated, with the need for discovery and further litigation on the same factual and legal issues.

Further, even if all three issues were certified and resolved in Defendants' favor, the Bureau's FDCPA claims related to Defendants' use of affidavits would remain unresolved. Thus, even under Defendants' most optimistic scenario—a scenario that includes, among other things, their prevailing on appeal on an issue of statutory interpretation on which this Court has already concluded their argument is unambiguously foreclosed by the relevant statutory language—an interlocutory appeal would not conclude litigation.

### III. There is no substantial ground for difference of opinion as to any of the issues Defendants identify.

Defendants likewise have not demonstrated the requisite substantial ground for difference of opinion as to any of the issues they raise. This presents an independent basis to deny Defendants' motion for certification.

#### A. As this Court has concluded, the CFPA's practice-of-law exclusion is unambiguous.

Defendants urge the Court to certify the issue of whether the practice-of-law exclusion bars the Bureau's CFPA claims for two reasons: (1) because it "is a true issue of first impression;" and (2) because Defendants, in their opinion, advanced a "plausible interpretation" of the exclusion that this Court rejected. The presence of an issue of first impression alone, however, does not demonstrate a "substantial ground for difference of opinion."[10] Indeed, were it otherwise, any issue on which there is not directly controlling precedent would potentially be appropriate for interlocutory review. Rather, "[i]t is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute."[11] This Court has already found that the language of 12 U.S.C. § 5517(e)(2)(B) unambiguously permits the

---

[10] *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).
[11] *Id.* (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)).

6

Bureau's CFPA claims.[12] Where, as here, a question of law can be answered by the plain language of an unambiguous statute, courts have held that no substantial ground for difference of opinion exists.[13]

### B. The Bureau's meaningful-attorney-involvement claims under the FDCPA are well supported by existing case law.

Defendants also seek certification of whether a complaint may falsely imply to a consumer that an attorney has been meaningfully involved in its preparation, in violation of the FDCPA. Defendants contend that, in part because of "competing statutory purposes," "lower courts are divided on this issue."[14] But any such division is overstated.

This Court and six other federal district courts have determined that a lawsuit misrepresents that it is "from" an attorney under the FDCPA if it is signed by an attorney who was not meaningfully involved in preparing it.[15] Defendants cite only one federal district court and an intermediate appellate court in Maryland as reaching different conclusions. But the Maryland court did not consider the issue in depth, finding that the plaintiff had failed to sufficiently

---

[12] *Hanna*, 2015 WL 4282252, at *5 ("[S]ubparagraph (2)(B) unambiguously includes the conduct at issue here and thus provides a carve-out for the Bureau to bring its CFPA claims.").

[13] *See, e.g., Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 625-26, (D. Md. 2013); *U.S. v. Atlas Lederer Co.*, 174 F. Supp. 2d 666, 671 (S.D. Ohio 2001).

[14] Mot. at 5, Doc. 45.

[15] *See Hanna*, 2015 WL 4282252, at *16.

allege facts to support a meaningful-attorney-involvement claim.[16] And the district-court opinion on which Defendants rely rejected the claim on summary judgment, noting that the most important reason was the "undisputed evidence" that the attorney in question was meaningfully involved in the action.[17] The weight of authority supporting the Bureau's claim belies Defendants' assertion that there is substantial ground for difference of opinion on this issue.

That the balance of authority favors meaningful-attorney-review claims under the FDCPA is no surprise. Contrary to Defendants' assertion of "competing statutory purposes," these holdings are "[c]onsistent with the practice of broadly construing remedial consumer protection statutes in favor of the consumer."[18] Defendants have not met their burden for certification of the meaningful-attorney-review issue.

> C.  **The statute of limitations applicable to an FDCPA claim brought by the Bureau remains an open issue, and § 1292 disallows appeals on any matter that remains open, unfinished, or inconclusive.**

Defendants summarily contend that there is a substantial ground for difference of opinion with respect to whether the Bureau's FDCPA claims are subject to a one-year or three-year statute of limitations. But § 1292 disallows

---

[16] *Mostofi v. Midland Funding, LLC*, --- A.3d ---- (2015), No. 1084, 2015 WL 4067882, at *10 (July 2, 2015).
[17] *Taylor v. Quall*, 471 F. Supp. 2d 1053, 1062 (C.D. Cal. 2007).
[18] *Hanna*, 2015 WL 4282252, at *15.

appeals from "any matter that remains open, unfinished, or inconclusive."[19] In its thorough analysis of the complexity of the statute-of-limitations issue, the Court found it unnecessary to resolve the question of the statute of limitations applicable to the Bureau's FDCPA claims.[20] It also stated that Defendants may reassert their defense on summary judgment or in light of relevant circuit court decisions.[21] Because the statute of limitations issue remains "open, unfinished, or inconclusive," the Court should deny Defendants' request.

## IV. Conclusion

For the reasons set forth above, the Court should deny Defendants' motion.

---

[19] *Southern Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1335, 1337 (N.D. Ga. 2010) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).
[20] *Hanna*, 2015 WL 4282252, at *29.
[21] *Id*. at *30.

Respectfully Submitted,

| | |
|---|---|
| ANTHONY ALEXIS<br>*Enforcement Director*<br>JEFFREY PAUL EHRLICH<br>*Deputy Enforcement Director*<br>JOHN C. WELLS<br>*Assistant Litigation Deputy*<br><u>s/Lawrence D. Brown</u><br>LAWRENCE D. BROWN (TX Bar #24040586)<br>THOMAS G. WARD (IL Bar #6291011)<br>Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, DC 20552<br>Telephone (Brown): 202-435-7116<br>Telephone (Ward): 312-610-8966<br>Facsimile: 202-435-7722<br>e-mail: lawrence.brown@cfpb.gov<br>e-mail: thomas.ward@cfpb.gov | JOHN A. HORN<br>*United States Attorney*<br><br>LENA AMANTI<br>*Assistant United States Attorney*<br>Georgia Bar No.<br>666825<br>600 Richard B. Russell Federal Bldg.<br>75 Spring Street, SW<br>Atlanta, Georgia 30303<br>Telephone: 404-581-6225<br>Facsimile: 404-581-6163<br>e-mail: lena.amanti@usdoj.gov |

### Certification of Compliance with L.R. 5.1B

I hereby certify that the foregoing has been computer processed with 13-point Book Antigua font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

s/Lawrence D. Brown
Lawrence D. Brown

### Certificate of Service

I certify that on August 24, 2015, I electronically filed Plaintiff's Response to Defendants' Motion to Certify for Interlocutory Review with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record: Christopher J. Willis, Stefanie H. Jackman, Daniel Delnero, Michael J. Bowers, and Christopher S. Anulewicz.

s/Lawrence D. Brown
Lawrence D. Brown
