# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>  Plaintiff,<br><br>  v.<br><br>Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, individually, Joseph C. Cooling, individually, and Robert A. Winter, individually,<br><br>  Defendants. | Civil Action No. 1:14-CV-02211-AT |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, the Consumer Financial Protection Bureau and Defendants, Frederick J. Hanna & Associates P.C., Frederick J. Hanna, Joseph C. Cooling, and Robert A. Winter (collectively "the parties") have stipulated, through their respective counsel, to the entry of the following Stipulated Protective Order (hereinafter, the "Order") to facilitate the prompt resolution of disputes over confidentiality, to provide adequate protection to materials entitled to be kept confidential, and to expedite the exchange of discovery materials among the parties to this Order.

Discovery in this action is anticipated to involve the disclosure of sensitive confidential personal, business or financial information of

2

parties and nonparties. The revelation or dissemination of confidential documents by whatever means creates a risk that the documents may be used in a manner that may damage the producing parties.

By entering into this Order, the parties do not stipulate or agree that any particular information constitutes confidential information. Rather, the parties agree and understand that whether certain information constitutes confidential business information or other private information is an issue that may be litigated by the parties or nonparties in this litigation, and that such information deserves protective treatment to allow the party to preserve and argue that such treatment or designation is warranted. Furthermore, by entering into this Order and designating documents or materials pursuant to this Order, the parties do not agree that the materials or documents are relevant or admissible.

This Order governs the handling of all information, documents, deposition testimony and exhibits, discovery answers and responses, and other written, recorded or graphic matter produced or provided in this action, formally or informally, which are designated as CONFIDENTIAL (hereinafter defined) pursuant to this Order. This Order also governs all notes, extracts, summaries or other information derived from designated

CONFIDENTIAL materials, and all pleadings, briefs, memoranda or other filings that quote or convey the substance of designated CONFIDENTIAL materials under the terms of this Order.

THEREFORE, the parties having so stipulated, this Court, pursuant to Fed. R. Civ. P. 26(c), having determined that good cause exists to enter a protective Order, HEREBY ORDERS THAT:

1. For the purposes of this Order, the following definitions shall govern:

> "CONFIDENTIAL INFORMATION" means SENSITIVE PERSONAL INFORMATION (hereinafter defined), and a trade secret or other confidential research, development, or commercial information as contemplated by Rule 26(c)(1)(G) or any of the other Federal Rules of Civil Procedure;
>
> "COUNSEL" means all attorneys of record in the above-captioned case and any lawyers specifically employed by them in connection with the litigation;
>
> "EXPERT" means any person engaged by a party as a testifying or consulting expert witness; and
>
> "SENSITIVE PERSONAL INFORMATION" means:
>
>> A. An individual's Social Security number.
>>
>> B. Information relating to the past, present, or future physical or mental health or condition of an individual, the provision of

health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

C. An individual's name, address, or phone number *in combination with* one or more of the following:

1. date of birth;
2. driver's license number or other state identification number, or a foreign country equivalent;
3. military identification number;
4. passport number;
5. financial account

number; or

6. credit or debit card number.

D. All personally identifiable information that is prohibited from disclosure by the laws of the state in which the owner of such information resides, where the party designating such information as CONFIDENTIAL provides the state- law basis for such designation.

E. Information pertaining to an individual or company's retention of one of the defendants and information pertaining to legal services provided to any such client by any of the defendants, including but not limited to sensitive financial, business, or personal information belonging to such clients, subject to paragraph 8 below.

F. Financial information relating to any of the named defendants in the above-captioned litigation.

"SUPPORT PERSONNEL" means any clerical staff, support staff, or other employee of Plaintiff, COUNSEL, or an EXPERT assisting with or working on this litigation, including, without limitation, (i) secretarial support staff, (ii) paralegal employees, (iii) any independent stenographer or court reporter retained to record and transcribe testimony in this action, and (iv) any in-house or independent entity retained or used for the sole purpose of making photocopies or other replications or duplications of material designated under this Order.

2. A party may designate as "CONFIDENTIAL" any document, information contained in a document, information revealed during a deposition or in any interrogatory answer, or information otherwise disclosed in this action, that contains CONFIDENTIAL INFORMATION.

3. Material designated as CONFIDENTIAL shall be used only in connection with this action and for no other purpose. Such designated information shall be disclosed only expressly as provided in this Order. The parties hereby acknowledge however that the production of any documents in this litigation does not constitute a waiver of objections to admissibility or relevance.

4. This Order also applies to any non-party who produces or receives CONFIDENTIAL INFORMATION pursuant to a discovery

request or subpoena in this action. Accordingly, references to "party" include "non-parties."

5. Notwithstanding section 1 above, the following information does not constitute CONFIDENTIAL INFORMATION and should not be designated as CONFIDENTIAL:

a. Information that was lawfully in the receiving party's possession with no obligation of confidentiality prior to the inspection or production of the information or material produced in this action; or

b. Information that is publicly known at the time of disclosure or production in this action or becomes publicly known through no fault of the party receiving information under this Order (but only after the information becomes publicly known).

6. A party desiring to have information protected by this Order must notify all others by stamping or marking it "CONFIDENTIAL" prior to disclosure. Unless otherwise agreed or ordered by the Court, the disclosing party shall retain the originals of all documents, and legible copies shall be produced in lieu thereof. If, however, a party elects to produce for inspection original documents or other material that cannot be marked or stamped, the producing party may designate the documents or materials under this Order

by notifying the receiving parties at the time of production. After selection by the inspecting party of specified materials or documents for copying, the copies shall be designated by placing, if possible, the CONFIDENTIAL designation on the copies. Prior to being used as an exhibit at a deposition, attached to a motion, or used in a court proceeding, CONFIDENTIAL INFORMATION disclosed by non-parties shall be stamped or marked "CONFIDENTIAL" by any party if not so designated by the producing non-party.

7. CONFIDENTIAL INFORMATION disclosed during a deposition may be so designated on the record at the deposition, and the court reporter shall be instructed to transcribe such testimony with each page thereof clearly marked as "CONFIDENTIAL." Alternatively, CONFIDENTIAL INFORMATION disclosed during a deposition may be designated as such within 10 business days following receipt by COUNSEL of the completed deposition transcript. Such designation shall be made in writing to all COUNSEL and the court reporter. For whatever deposition testimony is designated as CONFIDENTIAL under this Order, it shall be the duty of all parties and other persons in possession of a copy of the transcript of the deposition to promptly stamp, endorse, or otherwise place upon the face of

each designated page of each copy of the transcript in his or her possession the appropriate confidentiality stamp or mark. All deposition transcripts shall be treated by the parties as CONFIDENTIAL until the expiration of the 10 business day period set forth above.

8. Nothing contained herein shall preclude the receiving party or any interested person from contesting a confidentiality designation under this Order. If the receiving party or interested person reasonably believes that information marked "CONFIDENTIAL" is not properly designated, that party or interested person shall notify the disclosing party or entity in writing, specifically identifying the information and the reasons they believe it is not subject to this Order. If an agreement is not reached after the parties use reasonable efforts to resolve their disagreement, the party or interested person challenging the designation may move the Court for an order that the designation was improper. The designating party carries the burden of establishing that the information is CONFIDENTIAL. During the pendency of such a motion, all parties and third parties shall treat the information as designated, and no unauthorized disclosure may be made prior to the Court's determination. Failure of a party to contest a confidentiality designation under this Order shall not constitute or be construed as an

admission that the designation was accurate, that the information or documents are CONFIDENTIAL, that the information or documents meet the requirements for CONFIDENTIAL INFORMATION under this Order, or that defendants' claims pertaining to legal services, clients, the practice of law, or attorney-client privilege are accurate.

9. It is the intent of the parties to limit disclosure of CONFIDENTIAL INFORMATION to the smallest number of persons possible, consistent with the needs of this action. Disclosure by the receiving party of any information and materials designated "CONFIDENTIAL" under this Order is limited to COUNSEL, EXPERTS, SUPPORT PERSONNEL, persons who are parties, or officers or employees of parties, to this action, and those persons identified in paragraph 11, who have a need to use such CONFIDENTIAL INFORMATION for the purposes of this action.

10. Subject to the limitations above, the receiving party's COUNSEL shall be permitted to disclose another party's CONFIDENTIAL INFORMATION to an individual described in Paragraph 9 only after such individual has executed an Acknowledgment in the form attached as Exhibit A to this Order. The receiving party's COUNSEL shall be permitted to disclose CONFIDENTIAL INFORMATION to any EXPERT only to the extent

necessary to consult with COUNSEL and/or prepare for trial, and then only after the EXPERT has executed an Acknowledgment in the form attached as Exhibit A to this Order.

11. Subject to the limitations above, CONFIDENTIAL INFORMATION may be disclosed to a witness who does not already have access to such information, or is already allowed access to such information under this Order, in connection with his or her deposition, provided the witness executes an Acknowledgment in the form attached as Exhibit A to this Order or agrees on the record to be bound by the provisions of that Acknowledgment. The party's COUNSEL who shows a document containing CONFIDENTIAL INFORMATION to a witness shall not permit the witness to retain that document or to make or retain any copy thereof.

12. The receiving party's COUNSEL and any EXPERT shall be permitted to disclose CONFIDENTIAL INFORMATION to SUPPORT PERSONNEL without the need for a written agreement, provided each individual is instructed to maintain such information in strict confidence and then only to the extent necessary to prepare this matter for trial.

13. The receiving party, COUNSEL, all SUPPORT PERSONNEL, and any EXPERTS employed by the receiving party or

COUNSEL are strictly prohibited from disclosing CONFIDENTIAL INFORMATION to any individual or entity not contemplated by the terms of this Order, absent a court order or the written consent of the originating party or entity. Nothing in this Order shall be construed as authorizing or encouraging a receiving party to disobey a lawful subpoena or other directive issued in another action. If any person or entity subject to this Order (including the parties, COUNSEL, any EXPERTS, or any SUPPORT PERSONNEL) is served with a subpoena or legally enforceable directive (e.g., a civil investigative demand) or a court order issued in other litigation that requires disclosure of any information or items designated in this action as "CONFIDENTIAL," that person or entity must:

 (a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena, directive, or court order, and shall be given as soon as possible, but in all events before the return date.

 (b) promptly notify in writing the party who caused the subpoena, directive, or order to issue that some or all of the material requested is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL INFORMATION may be affected.

If the designating party timely seeks a protective order, the person or entity served with the subpoena, directive, or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court or other authority from which the subpoena, directive, or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material.

14. All transcripts, exhibits, discovery responses, and any other documents filed with the Court prior to trial that have been designated as CONFIDENTIAL shall be filed and served consistent with the process required by the United States District Court for the Northern District of Georgia. If at any time during the pendency of this action, material being maintained by the Court under seal no longer meets the legal and factual criteria for continued maintenance under seal, the designating party will promptly file a request with the Court that the filings be unsealed. Any documents filed under seal in this

action shall be maintained under seal for the duration of this action unless otherwise ordered by this Court.

15. The inadvertent or unintentional disclosure by a party of CONFIDENTIAL INFORMATION without the proper designation or marking at the time of the disclosure shall not constitute a waiver of a claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto, or on the same or a related subject matter, provided that the receiving party is notified in writing and that properly marked or designated materials or documents are provided pursuant to this Order. The receiving party shall not be responsible for the disclosure or other distribution of CONFIDENTIAL INFORMATION belatedly designated in accordance with this Order as to such disclosure or distribution that may have occurred before the receipt of such written notification or a claim of confidentiality, and such disclosure or distribution shall not be deemed to be a violation of this Order. However, to the extent any document which was subsequently marked as "CONFIDENTIAL" had been distributed to an employee, agent, or representative of the receiving party prior to the subsequent designation, counsel for the receiving party shall collect such

documents and all copies thereof from that person following the subsequent designation.

16. Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of a communication or information protected by the attorney-client privilege or work product protection will not operate as a waiver of such privilege or protection. Further, inadvertent or unintentional disclosure of privileged or protected communications or information in this action shall not operate as a waiver in any other federal or state court proceeding. This provision applies to the parties to this lawsuit, the parties' representatives, employees and agents, and COUNSEL, including any lawyers or EXPERTS specifically employed by them in connection with this action, and SUPPORT PERSONNEL.

17. Nothing herein shall be construed as a waiver of any party's right to object to the production or admissibility of any evidence or testimony produced or based upon any grounds other than confidentiality. Moreover, nothing herein shall be construed as a limitation on the originating party's right to use or disclose its own information as it sees fit without the prior consent of the opposing party or this Court notwithstanding its designation in this action as CONFIDENTIAL INFORMATION.

18.     This Order shall not prevent a party from using any CONFIDENTIAL INFORMATION subject to this Order at any hearing or trial in this action. A party intending to use CONFIDENTIAL INFORMATION during such hearing or trial shall give reasonable notice to all other parties of such intended use. At the request of the party who designated the material as CONFIDENTIAL INFORMATION pursuant to this Order, the Court may restrict attendance at that portion of the proceeding where said material is to be discussed as the Court deems appropriate, including the sealing of the transcript.

19.     Any material designated CONFIDENTIAL INFORMATION and submitted by any party via a pleading or motion, or offered into evidence at a hearing or trial, shall maintain its confidentiality designation until such time as the Court rules to the contrary.

20.     Within 60 days of termination of this litigation, whether by final judgment, including the satisfaction of any such judgment, and appeal, or by settlement, all materials and documents designated as CONFIDENTIAL, as well as all copies, summaries, and abstracts thereof, shall be returned to the producing party or destroyed, or shall otherwise be maintained in a manner which ensures the confidentiality of the

information, including retention of the information in conformance with federal recordkeeping requirements. If the receiving party elects to destroy CONFIDENTIAL materials, it shall certify the completion of destruction to the producing party. Notwithstanding the foregoing, COUNSEL for the parties may retain an archival copy of all materials produced under this Order.

21. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided in this Order. Moreover, nothing in this Order shall affect the right of any party to seek additional protections against the disclosure of any documents or materials.

22. This Order shall apply to and shall bind present or subsequently added parties to this action.

23. Any person may apply to this Court at any time, upon proper notice, for the modification or vacation of this Order. Moreover, this Order may be amended by the Court, and in making any amendments, the Court shall be guided by the purpose of this Order, which is to provide adequate protection for material that is CONFIDENTIAL INFORMATION without

unreasonably interfering with the efficient prosecution and defense of this action or with the interests of the public.

IT IS SO ORDERED this ___ day of _____, 2015.

_____
The Honorable Amy Totenberg
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT REGARDING CONFIDENTIAL INFORMATION**

The undersigned individual (the "Recipient") understands that he or she may receive CONFIDENTIAL INFORMATION in materials designated as CONFIDENTIAL in connection with a lawsuit, *Consumer Financial Protection Bureau v. Frederick J. Hanna & Associates, P.C., et al.*, Case No. 1:14-cv-2211-AT, in the United States District Court for the Northern District of Georgia. The Recipient agrees that he or she will only use such information and materials for the purposes of that dispute. Recipient agrees that he or she will not disclose any CONFIDENTIAL INFORMATION or materials designated as CONFIDENTIAL, except that—to the extent necessary to prepare this matter for trial—the Recipient may disclose such materials to the Recipient's (i) secretarial support staff and (ii) paralegal employees, as well as to (iii) any independent stenographer retained to record and transcribe testimony in this action and (iv) any in-house or independent entity retained or used for the sole purpose of making photocopies or other replications or duplications of such materials, provided that the Recipient instructs every such individual to maintain the CONFIDENTIAL INFORMATION in strict confidence.

Signature: _____

Name: _____

Date: _____