**In the United States District Court**
**for the Northern District of Georgia**
**Atlanta Division**

| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, individually, Joseph C. Cooling, individually, and Robert A. Winter, individually,<br><br>Defendants. | **Civil Action No. 1:14-cv-02211-AT** |
|---|---|

**STIPULATED FINAL JUDGMENT AND ORDER**

The Consumer Financial Protection Bureau ("Bureau") commenced this civil action against Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, Joseph C. Cooling, and Robert A. Winter on July 14, 2014, to obtain injunctive relief, damages or other monetary relief, restitution, disgorgement, and civil penalties. Defendants waived service of the Complaint.

The Complaint alleges that in their efforts to collect debts owed to others, Defendants: (1) used complaints that falsely represented or implied meaningful attorney involvement; and (2) knowingly or recklessly used affidavits executed

by affiants who misrepresented their personal knowledge of material facts. The Complaint alleges that Defendants' conduct violated the Fair Debt Collection Practices Act ("FDCPA") and the Consumer Financial Protection Act of 2010 ("CFPA").

Plaintiff and Defendants, by and through their respective counsel, have requested that the Court enter this Stipulated Final Judgment and Order ("Order").

## FINDINGS

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. Plaintiff and Defendants agree to entry of this Order, without adjudication of any issue of fact or any further adjudication of any remaining issues of law, to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3. Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order. For purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over Defendants and the subject matter of this action.

4. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

5. The Order is made without trial or adjudication of any issue of fact or any further adjudication of any issue of law.

6. Entry of this Order is in the public interest.

**DEFINITIONS**

7. The following definitions apply to this Order:

a. "**Charge-off Balance**" means the amount alleged due on an account receivable at the time of charge-off.

b. "**CLS**" means "Commercial Legal Software," the software application the Hanna Firm uses to store consumer account data and manage debt collection litigation wherein accounts are notated with diary codes.

c. "**Collection Suit**" means any civil action commenced in any court or other tribunal against a Consumer to attempt to collect a Debt, but does not include any post-judgment collection efforts.

d. "**Consumer**" means any natural person obligated or allegedly obligated to pay any Debt.

e. "**Creditor**" means any person who offers or extends credit creating a Debt or to whom a Debt is owed or was owed, but such term does not include any person who receives an assignment or transfer of a Debt in default solely for the purpose of facilitating collection of such debt for another.

f. "**Debt**" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

g. "**Debt Buyer**" means any entity or person that purchases portfolios of defaulted Debts.

h. "**Debt Seller**" means any entity or person that sells portfolios of defaulted Debts.

i. "**Defendants**" means the Hanna Firm and the Individual Defendants.

j. "**Effective Date**" means the date on which the Order is entered on the docket.

k. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his delegate.

l. "**Hanna Firm**" means Frederick J. Hanna & Associates, P.C., its employees, agents, representatives, consultants, in-house attorneys, accountants, independent contractors, and any other persons working for or on behalf of the foregoing who receive actual notice of this order by personal service or otherwise, and its successors and assigns.

m. "**Individual Defendants**" means Frederick J. Hanna, Joseph C. Cooling, and Robert A. Winter.

n. "**Original Account-Level Documentation**" means:

i. any documentation that a Creditor or that Creditor's agent (such as a servicer) provided to a Consumer about a Debt;

ii. a complete transactional history of a Debt, created by a Creditor or that Creditor's agent (such as a servicer); or

iii. a copy of a judgment, awarded to a Creditor or entered on or before the Effective Date.

o. "**Outside Counsel**" means all attorneys the Hanna Firm engages to initiate Collection Suits against Consumers residing in states where

the Hanna Firm does not own an office or otherwise employ an attorney licensed to practice in that state.

p. **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any of the Defendants based on substantially the same facts as described in the Complaint.

## ORDER

**IT IS ORDERED** that:

### A. Injunctive Relief

### Enjoining Certain Collection Suits

8. Defendants and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly through Outside Counsel, are permanently restrained and enjoined from initiating or threatening to initiate a Collection Suit where:

a. Defendants do not have in their possession the following:

i. Original Account-Level Documentation reflecting, at a minimum, the Consumer's name, the last four digits of the account number associated with the Debt at the time of Charge-off, the claimed amount, excluding any post Charge-off payments, and if Defendants are suing under a

breach of contract theory, the contractual terms and conditions applicable to the Debt. If Defendants are initiating or threatening to initiate a Collection Suit on behalf of a Debt Buyer, a chronological listing of the names of all prior owners of the Debt and the date of each transfer of ownership of the Debt, beginning with the name of the Creditor at the time of Charge-off;

ii. If Defendants are initiating or threatening to initiate a Collection Suit on behalf of a Debt Buyer, a certified or otherwise properly authenticated copy of each bill of sale or other document evidencing the transfer of ownership of the Debt at the time of Charge-off to each successive owner, including the Debt Buyer that retained Defendants to initiate a Collection Suit. Each of the documents evidencing the transfer of ownership of the Debt must include a specific reference to the particular Debt being collected upon; and

iii. Any one of the following:

1. A document signed by the Consumer evidencing the opening of the account forming the basis for the Debt; or

2. Original Account-Level Documentation reflecting a purchase, payment, or other actual use of the account by the Consumer.

9. Defendants and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly

or indirectly through Outside Counsel, are permanently restrained and enjoined from initiating a Collection Suit against any Consumer where:

a. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not logged into the Consumer's account on CLS or any other software that would create an electronic record that the attorney of record has accessed a Consumer's file;

b. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not reviewed Original Account-Level Documentation reflecting, at a minimum, the Consumer's name, the last four digits of the account number associated with the Debt at the time of Charge-off, the claimed amount, excluding any post Charge-off payments, and if Defendants are suing under a breach of contract theory, the contractual terms and conditions applicable to the Debt;

c. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not confirmed based upon methods or means proven to be historically reliable and accurate that the applicable statute of limitations has not run on the Consumer's Debt;

d. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not confirmed

based upon methods or means proven to be historically reliable and accurate that the Consumer's Debt was not discharged in bankruptcy or subject to a pending bankruptcy proceeding;

e. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not confirmed based upon methods or means proven to be historically reliable and accurate the Consumer's correct identity and current address to determine the appropriate venue for a Collection Suit; and

f. the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection Suit has not certified in writing or in CLS or any other software that would create an electronic record noting that the initiation of the Collection Suit complies with the terms and conditions of this Order.

**Enjoining Use of Deceptive Affidavits in Collection Suits**

10. In connection with a Collection Suit, Defendants and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly through Outside Counsel, are permanently restrained and enjoined from:

a. presenting to a court any affidavit in which an affiant represents, expressly or by implication, having personal knowledge of the validity, truth, or accuracy of the character, amount, or legal status of any Debt, when that is not the case;

b. submitting any affidavit in which the affiant represents, expressly or by implication, that the affidavit has been notarized if the affidavit was not executed by the affiant in the presence of a notary;

c. submitting any affidavit containing an inaccurate statement, including but not limited to a statement that attached documentation relates to the specific Consumer being sued, when that is not the case;

d. submitting any affidavit in which the affiant misrepresents the affiant's review of any Original Account-Level Documentation or any other documentation that would support the Debt that is the subject of the Collection Suit;

e. submitting any affidavit in which the affiant represents, expressly or by implication, that the affiant has personally reviewed the affidavit, when that is not the case; and

f. submitting any affidavit, unless the person who will serve as the Defendants' attorney of record (including Outside Counsel) in the Collection

Suit has certified in writing or in CLS or any other software that would create an electronic record noting that submitting the affidavit complies with the terms and conditions of this Order.

11. On an annual basis, the Defendants must review and analyze the processes and procedures employed by any entity that employs affiants executing and submitting affidavits for use in Collection Suits initiated by Defendants (including Outside Counsel) to reasonably ensure compliance with Paragraph 10 of the Order.

**Implementation Schedule**

12. Notwithstanding the foregoing, with regard to Collection Suits filed by Defendants directly or through Outside Counsel after the Effective Date, Defendants must take whatever steps necessary to fully implement all of the requirements and restrictions described in Paragraphs 8 through 11 within 90 days of the Effective Date.

**Civil Money Penalties**

13. Defendants must pay, jointly and severally, a civil money penalty in the amount of $3,100,000 to the Bureau.

14. Within 10 days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

15. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

16. Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants may not:

a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

**B. Additional Monetary Provisions**

17. In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as

amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

18. Defendants must relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Defendants.

19. Under 31 U.S.C. § 7701, Defendants, unless they already have done so, must furnish to the Bureau their social-security numbers or taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

20. Within 30 days of the entry of a final judgment, Order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, Order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

**C. Reporting Requirements**

21. Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the

emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address. Defendants must provide this notice as soon as practicable after learning about the development or at least 30 days before the development is finalized, whichever is sooner.

22. In the event the Defendants seek to transfer or assign all or part of the Hanna Firm's operations, and the successor or assign intends on carrying on the same or similar use, as a condition of sale, Defendants shall obtain the written accession of the successor or assign to any obligations remaining under this Consent Order with respect to the specific operations transferred or assigned.

23. Within 7 days of the Effective Date, the Defendants must:

a. designate at least one telephone number and email, physical, and postal address as a point of contact, which the Bureau may use to communicate with the Defendants;

b. identify all businesses for which Defendants are the majority owner, or that Defendants directly or indirectly control, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d. identify each Individual Defendants' telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

e. describe in detail each Individual Defendants' involvement in any business for which any of them performs services in any capacity or which he wholly or partially owns, including that Individual Defendant's title, role, responsibilities, participation, authority, control, and ownership.

24. Defendants must report any change in the information required to be submitted under Paragraph 21 as soon as practicable or at least 30 days before the change, whichever is sooner.

25. Within 90 days of the Effective Date, and again one year after the Effective Date, Defendants must submit to the Enforcement Director an accurate written compliance progress report (Compliance Report), which, at a minimum:

a. describes in detail the manner and form in which Defendants have complied with this Order; and

b. attaches a copy of each Order Acknowledgment obtained under Section D, unless previously submitted to the Bureau.

**D. Order Distribution and Acknowledgment**

**IT IS FURTHER ORDERED** that,

26. Within 7 days of the Effective Date, Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

27. Within 30 days of the Effective Date, Defendants must deliver a copy of this Order to any employees or any Outside Counsel who will have responsibilities under this Order.

28. When Defendants engage Outside Counsel to initiate Collection Suits more than 30 days after the Effective Date, Defendants must deliver a copy of this Order to Outside Counsel. Within 30 days of any such engagement of new Outside Counsel, Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order from the new Outside Counsel.

29. For 5 years from the Effective Date, the Hanna Firm and Individual Defendants, for any business for which they serve as the majority owner or which they directly or indirectly control, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section C including any future executive officers, shareholders, partners, and employees, and any other new agents and representatives who will have responsibilities

related to the subject matter of the Order before they assume their responsibilities.

30. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

**E. Notices**

31. Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Frederick J. Hanna & Associates, P.C., Frederick J. Hanna, Joseph C. Cooling, and Robert A. Winter*, File No. 2012-0372-02," and send them either:

a. by overnight courier (not the U.S. Postal Service), as follows:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1625 Eye Street, N.W.
Washington D.C. 20006; or

b. by first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552

**F. Cooperation with the Bureau**

32. Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as the Bureau may reasonably designate, without the service of compulsory process.

**G. Compliance Monitoring**

33. Within 14 days of receipt of a written request from the Bureau, Defendants must submit additional Compliance Reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

34. For purposes of this Section G, the Bureau may communicate directly with Defendants, unless any of the Defendants retains counsel related to these communications.

35. Defendants must permit Bureau representatives to interview any employee or other person affiliated with Defendants who has agreed to such an interview. The person interviewed may have counsel present.

36. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

**H. Release**

37. The Bureau releases and discharges Defendants from all potential liability for law violations that the Bureau has or might have asserted based on the practices alleged in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices described in this Order in future enforcement actions against Defendants including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty. This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order or to seek penalties for any violations of the Order.

**I. Retention of Jurisdiction**

38. The Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**J. Pending Motions**

39. All pending motions are hereby denied as moot.

**IT IS SO ORDERED**, this 6th day of January, 2016.

Amy Totenberg
United States District Judge